**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GUI LIN,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 21-985<br><br>Agency No.<br>A209-384-137<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**

Before: NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Petitioner Gui Lin, a native and citizen of China, petitions pro se for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2020).  As the parties are familiar with the facts, we do not recount them here.  We deny the petition.

1.  Substantial evidence supports the agency's adverse credibility determination.  This case is governed by the REAL ID Act, which dictates that "an adverse credibility determination must be made after considering the totality of circumstances, and all relevant factors."  *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (citation and internal quotation marks omitted).  Relevant factors include any "falsehoods" and "the consistency between . . . written and oral statements."  8 U.S.C. § 1158(b)(1)(B)(iii).

To determine that Lin was not credible, the agency relied on (1) Lin's admission that he presented false employment and marriage information to U.S. officials in hopes of obtaining a visa; (2) an inconsistency between Lin's credible fear interview, written application materials, and merits hearing testimony regarding the date of his arrest by Chinese police; and (3) an inconsistency between Lin's testimony and his sister's testimony regarding whether he had previously spoken to her about his asylum claim.

2.  In the absence of credible testimony, Lin failed to establish his eligibility for asylum or withholding of removal.  *See Rodriguez-Ramirez*, 11 F.4th 1091, 1094 (9th Cir. 2021) (per curiam).  Contrary to Lin's contention, his documentary evidence, such as the arrest certificate and fine receipt, is insufficient to independently establish his claims.

3. Substantial evidence also supports the agency's denial of CAT

protection.  The record does not compel the conclusion that Lin established that, independent of his non-credible testimony, he would more likely than not be tortured by or with the acquiescence of a public official if removed to China, even considering country conditions.  *See Shrestha*, 590 F.3d at 1048-49 ("[W]hen the petitioner's 'testimony [is] found not credible, to reverse the BIA's decision [denying CAT protection,] we would have to find that the reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured.'" (citation omitted)).

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**